IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CHRIS JACOBS,

                                  Plaintiff,

   v.

SECRETARY OF DEPT. OF CORRECTIONS,

                                 Defendant.

OPINION and ORDER

24-cv-785-jdp

---

Plaintiff Chris Jacobs, proceeding without counsel, is incarcerated at Columbia Correctional Institution. Jacobs alleges that prison staff has denied his incoming mail, denied him legal loans, and denied him medical attention and adequate food. Jacobs has not submitted the $405 filing fee, so I infer that he seeks leave to proceed without full prepayment of the filing fee under 28 U.S.C. § 1915, also known as "in forma pauperis" status.

Jacobs has "struck out" under § 1915(g), which means that he cannot obtain indigent status under § 1915 in any suit he files during the period of his incarceration, except for cases in which he alleges that he is in imminent danger of serious physical injury. Most of Jacobs's allegations do not support claims under the imminent-danger exception. His allegations about medical treatment and adequate nutrition could state imminent-danger claims, but he doesn't state a proper defendant for those claims, so I will dismiss his complaint and give him a chance to file an amended complaint.

ANALYSIS

Jacobs seeks leave to proceed without prepayment of the filing fee. But as stated above, he has "struck out" under 28 U.S.C. § 1915(g). This provision reads as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

On at least three prior occasions, Jacobs has brought actions or appeals that were dismissed because they were frivolous or malicious or they failed to state a claim upon which relief may be granted. *See Jacobs v. Gerber*, 403 F. App'x 67, 70 (7th Cir. 2010) (discussing Jacobs's strikes). Therefore, he cannot proceed without prepayment of the entire filing fee unless I conclude that his allegations show that he is in imminent danger of serious physical injury.

To meet the imminent-danger requirement of 28 U.S.C. § 1915(g), a prisoner must allege a physical injury that is imminent or occurring at the time the complaint is filed and show that the threat or prison condition causing the physical injury is "real and proximate." *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003) (citing *Heimermann v. Litscher*, 337 F.3d 781 (7th Cir. 2003); *Lewis v. Sullivan*, 279 F.3d 526, 529 (7th Cir. 2002)). Jacobs includes a number of seemingly unrelated claims in this lawsuit, many of which—such as his claims about denials of mail or legal loans—do not meet this standard. But he also states that he suffers from a "deficiency in his blood," Dkt. 1, at 4, that he was ordered extra food, and that he has not been receiving that extra food or medical attention for the problem. These allegations meet the imminent-danger standard.

Nonetheless, I cannot allow him to proceed on claims about adequate nutrition or related medical treatment. Individual liability under 42 U.S.C. § 1983 requires personal involvement in the alleged constitutional deprivation, *Colbert v. City of Chicago*, 851 F.3d 649,

2

657 (7th Cir. 2017), but Jacobs names only the DOC secretary as a defendant and his allegations do not plausibly suggest that the secretary is responsible for the alleged constitutional deprivation here. So I will dismiss Jacobs's complaint but I will give him a chance to file an amended complaint fixing his pleading problems. In drafting his amended complaint, Jacobs should remember to do the following:

- Carefully consider whether he is naming proper defendants and omit defendants who did not personally cause or participate in a violation of his rights.

- Identify all of the individuals who he wishes to sue in the caption of the complaint.

- Describe simply and concisely what actions he believes that each defendant took that violated his rights, using separate, numbered paragraphs.

- Limit his allegations to only his claims regarding adequate nutrition and related medical treatment.

If Jacobs fails to submit an amended complaint by the deadline set below, I will dismiss the case.

I will also require Jacobs to submit a copy of his six-month trust fund account statement so that the court may calculate an initial partial payment of the filing fee of this case as required under 28 U.S.C. § 1915(b)(1).

ORDER

IT IS ORDERED that:

1. Plaintiff Chris Jacobs's complaint, Dkt. 1, is DISMISSED.

2. Plaintiff may have until February 5, 2025, to submit an amended complaint as directed in the opinion above.

3. Plaintiff may have until February 5, 2025, to submit a copy of his trust fund account statement for the preceding six months.

Entered January 13, 2025.

                        BY THE COURT:

                        /s/

                        _____
                        JAMES D. PETERSON
                        District Judge